IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMY RUTH,                                                                 Case No.
    Plaintiff,

v.

CLIENT SERVICES, INC., and
JOHN DOE,                                                                   **JURY TRIAL DEMANDED**
    Defendants.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I.   Introduction

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §§ 559.55-559.785 (hereafter "FCCPA"). These laws prevent, respectively, debt collectors and persons from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II.   Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d).

### III.   Parties

4. Plaintiff Tammy M. Ruth (hereafter "Plaintiff"), is an individual who resides in Wesley Chapel, County of Hillsborough, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and F.S.A. § 559.55(2), and/or a person with standing to

      bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

5. Defendant Client Services, Inc. (hereafter "CSI") is a Missouri corporation, with its principal place of business located at 3451 Harry S. Truman Boulevard, St. Charles, Missouri 63301. Defendant CSI is a "debt collector," as that term is defined under 15 U.S.C. § 1692a(6) and F.S.A. § 559.55(6), as it regularly collects, or attempts to collect, debts alleged to be due to another.

6. Defendant John Doe, (hereafter "Doe") is an individual employee and/or agent of Defendant CSI and, based on information and belief, regularly collects, or attempts to collect, debts alleged to be due to another.

### IV.   Factual Allegations

7. On or about December 11, 2009, Defendant Doe called Plaintiff at her place of employment.

8. Defendant Doe told Plaintiff that he was calling regarding Plaintiff's Chase account.

9. The Chase account was used primarily for household purposes and is a consumer debt.

10. Defendant Doe demanded to know when Plaintiff would be able to pay the debt.

11. Defendant Doe further demanded that Plaintiff call him back by December 14th and, if she failed to call him back by then, he would be forced to take further action to collect the debt.

12. Defendant Doe then told Plaintiff that he knew that she owned a home and that he intended to contact her employer to garnish her wages if she did not make payment arrangements by December 14, 2009.

13. Plaintiff then told Doe that she was not allowed to get calls at work because she had customers to serve.

14. Defendant Doe then told Plaintiff that if he did not hear back from her by December 14th he would be calling her again.

15. Once again Plaintiff told Doe not to call her at work anymore.

16. However, despite the fact that Defendant Doe knew the Plaintiff was not allowed to get telephone calls at work and that it was not a convenient place for her to discuss her financial situation, Doe called Plaintiff at her place of employment again on December 14th as he had previously threatened.

17. Plaintiff told Doe once again that she could not talk to him while she was at work because she had customers to wait on but Doe persisted to demand that she make payment arrangements.

18. Frustrated by Doe insisting that she talk to him while she should have been working, Plaintiff hung up the telephone.

19. On December 16, 2009, Defendant Doe called Plaintiff one more time at her place of employment and one of Plaintiff's co-workers answered the telephone.

20. The co-worker told Doe that Plaintiff could not get personal calls at work and Doe asked her to have Plaintiff return his phone call.

21. The co-worker wrote Doe's contact information on a message form and gave it to Plaintiff.

22. At all times Defendant Doe was attempting to collect a debt for his employer Client Services and was acting within the scope of his employment and with either actual or implied consent of Defendant Client Services.

23. As a result of Defendants' actions and/or omissions, Plaintiff suffered from intense feelings of stress resulting from her fear of losing her job, feelings of depression, frustration, great

embarrassment, as well as fear that the Defendants would cause a lien to be placed on her home and that they would garnish her wages.

### First Claim for Relief
### FDCPA Violation
### Tammy Ruth v. Client Services, Inc.

24. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 23.

25. The foregoing acts and omissions of Defendant CSI and its agent constitute numerous and several violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3),1692d, 1692d(5), 1692e(4), 1692e(5) and 1692f.

26. As a result of the above violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, as well as recovery for actual damages, statutory damages, and attorney's fees and costs.

### Second Claim for Relief
### FCCPA Violation
### Tammy Ruth v. Client Services, Inc.

27. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 23.

28. The foregoing acts and omissions of Defendant CSI and its agents constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. § 559.72(4).

29. As a result of the above violations of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, as well as recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

### Third Claim for Relief
### FCCPA Violation
### Tammy Ruth v. Client Services, Inc.

30. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 23.

31. The foregoing acts and omissions of Defendant CSI and its agents constitute numerous and several violations of the FCCPA including, but not limited to F.S.A. § 559.72(5).

32. As a result of the above violations of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, as well as recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

### Fourth Claim for Relief
### FCCPA Violation
### Tammy Ruth v. Client Services, Inc.

33. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 23.

34. The foregoing acts and omissions of Defendant CSI and its agents constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. § 559.72(7).

35. As a result of the above violations of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, as well as recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

### Fifth Claim for Relief
### FDCPA Violation
### Tammy Ruth v. John Doe

36. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 23.

37. The foregoing acts and omissions of John Doe constitute numerous and several violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3),1692d, 1692d(5), 1692e(4), 1692e(5) and 1692f.

38. As a result of the above violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, as well as recovery for actual damages, statutory damages, and attorney's fees and costs.

**Sixth Claim for Relief**
**FCCPA Violation**
**Tammy Ruth v. John Doe**

39. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 23.

40. The foregoing acts and omissions of Defendant Doe constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. § 559.72(4).

41. As a result of the above violations of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, as well as recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

**Seventh Claim for Relief**
**FCCPA Violation**
**Tammy Ruth v. John Doe**

42. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 23.

43. The foregoing acts and omissions of Defendant Doe constitute numerous and several violations of the FCCPA including, but not limited to F.S.A. § 559.72(5).

44. As a result of the above violations of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, as well as recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

**Eighth Claim for Relief**
**FCCPA Violation**
**Tammy Ruth v. John Doe**

45. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 23.

46. The foregoing acts and omissions of Defendant Doe constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. § 559.72(7).

47. As a result of the above violations of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, as well as recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

a. Declaratory judgment that Defendants' conduct violated the FDCPA & FCCPA;

b. Actual damages pursuant to 15 U.S.C. § 1692k and F.S.A. § 559.77(2);

c. Statutory damages pursuant to 15 U.S.C. § 1692k and F.S.A. § 559.77(2);

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and F.S.A. § 559.77(2);

e. Punitive damages pursuant to F.S.A. § 559.77(2); and such other and further relief as may be just and proper.

Dated: June 7, 2010

Respectfully submitted,

  s/G. Donald Golden
G. DONALD GOLDEN, ESQUIRE
Florida Bar No. 0137080
don@brandonlawyer.com
JOSEPH B. BATTAGLIA, ESQUIRE
Florida Bar No. 0058199
joe@brandonlawyer.com
THE GOLDEN LAW GROUP
808 A Oakfield Drive
Brandon, Florida 33511
Telephone:  (813) 413-8700
Facsimile:   (813) 413-8701
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

  s/G. Donald Golden
G. DONALD GOLDEN, ESQUIRE
JOSEPH B. BATTAGLIA, ESQUIRE